IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RUBEN CAMACHO and ALICIA GARCIA, on behalf of their minor son W.C.,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF BERWYN, a municipal corporation, OFFICER PHILIP QUATTROCCHI, and JOHN DOE OFFICERS,<br><br>Defendants. | **TRIAL BY JURY DEMANDED** |

## COMPLAINT

Now come the Plaintiffs, RUBEN CAMACHO and ALICIA GARCIA, on behalf of their minor son, W.C., by and through their attorneys of DVORAK LAW OFFICES, LLC, and hereby complain against the Defendants CITY OF BERWYN, OFFICER PHILIP QUATTROCCHI, and JOHN DOE OFFICERS, stating the following:

### Jurisdiction/Venue

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the Equal Justice Act (28 U.S.C. § 2412), the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States,

1

federal and state common law, and pendent jurisdiction, as provided under 28 U.S.C. § 1367(a).

2. Venue is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1402(b). On information and belief, the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

## Parties

3. The Plaintiffs were, at all times relevant to this complaint, the parents with joint custody of their minor son, W.C., who was 16 years old at the time of the incidents described herein, is 17 years old at the time of this filing, and will turn 18 in 2026.

4. The OFFICER PHILIP QUATTROCCHI ("Defendant Quattrocchi") and Defendant JOHN DOE OFFICERS, ("Defendant Officers") were, at all times relevant to this complaint, employees of the Defendant CITY OF BERWYN ("the Defendant City") acting in the course and scope of their employment with the City, and under color of state law.

## Facts

5. On or about April 5, 2024, W.C., who was then 16 years old, was driving through the City of Berwyn, he was wearing a regular medical PPE mask (which his father the Plaintiff RUBEN CAMACHO instructs him to wear when he goes out shopping in busy stores). Also in the vehicle were W.C.'s girlfriend and her two cousins who were unmasked.

6. Defendant Officers, acting without any cause to believe that W.C. had committed a crime or moving violation, stopped the vehicle.

7. Acting unreasonably and without lawful justification, Defendant Quattrocchi and three other Defendant Officers approached the vehicles with guns drawn and trained upon W.C.

8. Acting willfully and wantonly, unreasonably and without lawful justification, the Defendant Officers commanded that W.C. get out of the car. At no point did they ask for any license or other information.

9. They commanded that W.C. walk backwards with his hands in the air, towards the officers, while they maintained their guns aimed at him.

10. At all times relevant to this complaint, W.C. complied with officers' directives.

11. When W.C. had backed up to the point that he was within reach of the officers, Officer Quattrocchi acting willfully and wantonly, unreasonably and without lawful justification, grabbed W.C., struck W.C. in the face, causing intense fear and physical pain. He then pressed W.C. to the hood of the car.

12. Acting unreasonably and without lawful justification, and/or with deliberate indifference to W.C.'s wellbeing Officer Quattrocchi fastened handcuffs unreasonably and unnecessarily tightly upon W.C.'s wrists, causing the intense pain, throbbing, and later numbness.

13. Officer Quattrocchi angrily asked W.C., why he was wearing a mask, and declared that W.C. was a ganger who was "banging."

14. One or more Defendant Officers, acting unreasonably and without lawful justification, forged W.C.'s signature upon a form indicating that W.C. had consented to a search of the car.

15. Acting unreasonably and without lawful justification, the Defendant Officers dismantled the car's upholstery, finding no contraband or objectionable materials.

16. The handcuffs remained on W.C. for approximately one hour, at which point his hands were purple and were losing sensation.

17. Acting unreasonably and without lawful justification, the Defendant Officers held W.C. for three hours, before releasing W.C. with a ticket for driving without a license. The Defendant had a learner's permit, and had a license issued to him before his court date. The ticket was dismissed.

18. The actions of the Defendant Officers caused W.C. both garden variety and clinically diagnosed emotional injuries including fear, anxiety disorder, depression, loss of sleep, and loss of appetite. His hands and wrists suffered lingering pain for approximately two weeks after the incident, as well as limited function/mobility.

### COUNT I
### EXCESSIVE FORCE - 42 U.S.C. § 1983
### The Plaintiffs v. Officer Quattrocchi John Doe Officers

19. Each of the above paragraphs is incorporated herein.

20. The Defendant Officers, acting unreasonably and without lawful justification, aimed their guns at W.C. causing him damages, including but not limited to emotional injuries described above.

21. Officer Quattrocchi, acting unreasonably and without lawful justification, struck W.C. in the face, causing him damages, including but not limited to physical and emotional injuries, and also fastened handcuffs upon W.C. unreasonably tightly, causing him physical and emotional injuries.

22. Alternatively, the Defendant Officers had the duty and opportunity to intervene in order to prevent unreasonable and unlawful use of force against W.C., but nevertheless failed to do so, causing W.C. damages, including the physical and emotional injuries described above.

## COUNT II
### ILLEGAL *TERRY* STOP – 42 U.S.C. § 1983
### The Plaintiffs v. Officer Quattrocchi John Doe Officers

23. Each paragraph of this Complaint is restated fully herein.

24. As described above, Officer Quattrocchi and/or John Doe Officers, acting without probable cause to believe that W.C. had committed a crime or traffic offense, caused W.C. to be illegally stopped and seized in violation of his rights under the Fourth Amendment to the United States Constitution.

25. As a result of the above-described wrongful infringement of the W.C.' rights, W.C. suffered damages, including, but not limited to those described above.

26. Alternatively, Officer Quattrocchi and/or John Doe Officers had the duty and opportunity to intervene in order to prevent said unlawful *Terry* stop, but

nevertheless failed to do so, causing W.C. damages, including but limited to those described above.

## COUNT III
## *MONELL* LIABILITY, 42 U.S.C. § 1983
### Plaintiffs v. The Defendant City

27. Each paragraph of this Complaint is restated fully herein.

28. W.C. was injured as a result of one or more of the specific, longstanding, interrelated failures of official policy, gaps in official policy and training, and de facto policies, widespread practices and customs of the Defendant City's police department that are described above. Each of these policies and gaps in policy and training existed for at least 10 years prior to the incident date.

29. On information and belief, for at least 10 years prior to the incident, the Defendant City had actual and constructive notice of the gaps in its official policies and training and of its widespread practices and de facto policies through a documented series of complaints of (a) excessive force, including unnecessary gun-pointing, and (b) improper detention of children and youth by Berwyn officers. These complaints, which were not properly investigated or disciplined, are in the sole possession, custody and control of the Defendant City

30. Nevertheless and despite this form of notice, Berwyn policymakers failed to take action to implement reforms that would fill the gaps in policy and training and end its officers' unconstitutional practices and de facto policies. This failure amounted to deliberate indifference to future violations of constitutions rights, including Plaintiffs.'

31. In addition, Defendant City acted with conscious and deliberate indifference in failing to have affirmative, official policies and training that would prevent the violations of Plaintiffs' constitutional rights, including but not limited to those of children and juveniles, despite the known, clear and obvious risk – which also constituted notice to the Defendant City – that the absence of such policies and training would result in constitutional violations. Berwyn officials knew that, if they did not fill these policy and trainings gaps, citizens' constitutional rights would be violated in the future. The failure to have or add such policies and training and/or to correct its de facto policies was the foreseeable cause of Plaintiffs' injuries.

32. The Defendant City's facto policies and obvious gaps in policies and training were the moving force, direct causal link, and proximate cause of each of W.C.'s damages.

### COUNT IV– ILLINOIS STATE CLAIMS
### ASSUALT/BATTERY/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Plaintiffs v. Defendant City

33. Each paragraph of this Complaint is restated fully herein.

34. As described above, Defendant Officers willfully and wantonly pointed guns at W.C.

35. Defendant Officers acted maliciously, willfully and wantonly, in the pointing of weapons at W.C.

36. Defendant Quattrocchi acted maliciously, willfully and wantonly, in striking W.C. in the face and handcuffing him unreasonably tightly.

37. The statute of limitations has not yet run because W.C. is still a minor (he will turn 18 in 2026).

38. The Defendant Officers were acting within the course and scope of their employment with the Defendant City

39. The conduct of the Defendant Officers was objectively outrageous and inflicted emotional distress upon W.C. that will likely affect his emotional well-being for the rest of his life.

40. As a result of the above-described conduct, W.C. suffered damages including, but not limited to those described above, as well as extreme emotional distress of an ongoing and permanent nature.

## COUNT V – ILLINOIS STATE CLAIM
## INDEMNIFICATION
## Plaintiffs v. Defendant City

41. All previous paragraphs are fully reinstated here.

42. In this action, the Plaintiffs seek compensatory damages and attorneys' fees and costs against the Defendant Officers, as well as punitive damages against the officers.

43. Defendant Village of Westchester is the indemnifying entity for compensatory damages and attorneys' fees awarded in this action for any conduct of the Defendant Officers carried out in the course and scope of their employment.

## PRAYER FOR RELEIF

Wherefore, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the

8

Defendant Officers and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

/s/Richard Dvorak

Richard Dvorak

DVORAK LAW OFFICES, LLC
1 Walker Avenue, Suite 204
Clarendon Hills, IL 60514
Telephone: (630) 590-9158
Atty No. 37225